# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL | : | CIVIL ACTION |
| UNION NO. 74 ANNUITY FUND, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN MECHANICAL, INC. | : | |
| | : | |
| Defendant | : | NO. 05-050 (SLR) |

### DECLARATION OF SCOTT ERNSBERGER

Scott Ernsberger states, under penalty of perjury, that the following is true and correct.

1.     My name is Scott Ernsberger, and my business address is GEMGroup, Brandywine Corporate Center, 650 Naamans Road, Suite 303, Claymont, Delaware 19703.

2.     GEMGroup is the contract administrator of the Plumber and Pipefitters Union No. 74 Annuity Fund, Plumbers and Pipefitters Local Union No. 74 Pension Fund and Plumbers and Pipefitters Local Union No. 74 Health and Welfare Trust Fund, (collectively, "Funds") and I am authorized to make this Declaration on behalf of all Plaintiffs in this lawsuit.

3.     As contract administrator of the Funds, GEMGroup is charged with keeping and maintaining records of contributions received by the Funds, and maintaining individual records of each person, firm and corporation required to make such contributions to the Funds.

4.     American Mechanical, Inc. ("Company" or "Defendant") is a corporation based in and conducting business in Delaware. Defendant entered into a collective bargaining agreement with Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union"). The collective bargaining agreement requires the Company to submit monthly contributions to the

155047-1

Funds on behalf of all employees in the bargaining unit. Contributions must be made for each hour for which employees receive pay at the contribution rate specified in the agreement. Failure to make the required contributions, or to submit either incorrect or late remittance reports and contributions, results in a delinquency to the Funds. The Company is also bound by the Trust Agreements of the Funds.

5.      The collective bargaining agreement and the trust agreements of the Funds provide for an audit of the Company's records to confirm the accuracy of the information on the remittance reports.

6.      Attached as Exhibit 2 is a true and correct copy of the February 21, 2005 Settlement Agreement between the Plaintiffs and the Company.  The Company has not submitted any of the payments it was required to make under the settlement.  A notice of default and right to cure was sent to the Company on March 23, 2005 and a true and correct copy is attached as Exhibit 6.  The Company has not responded or made payment.

7.      My review of the regular business records maintained by the Funds shows that:

(a)      The Company failed to submit contributions in the amount of $67,435.59 (net of an overage of $20.64 for June 2003) for the months of December 2003 through January 2005 in the manner prescribed by the collective bargaining agreement base on the remittance reports it prepared and submitted to the Funds.  The Funds' records also show that the Company has failed to submit the required remittance reports <u>and</u> contributions for March 2005 and April 2005.

(b)      Pursuant to the authority granted to them in the collective bargaining agreement and trust agreements, the Funds' trustees had an audit of the Company's payroll books and related records performed for the years 2003 and 2004.  That audit revealed that the

Company was not reporting all required hours on the remittance forms it prepared and submitted to the Plaintiffs and, as a result, owed additional contributions and other shortages totaling $41,002.18. A true and correct copy of the report provided to the Funds by the auditor is attached as Exhibit 3.

(c)    Based on the failure to submit contributions in a timely manner or at all, Company owes liquidated damages (equal to 20% of the unpaid or late paid contributions) in the total amount of $25,770.40. This includes $17,569.96 on contributions paid after the due date or not paid at all based on the remittance reports submitted by the Company and $8,200.44 on the delinquency revealed by the audit. The liquidated damages provided in the collective bargaining agreement and in the Agreements and Declarations of Trust of the Funds are, in part, to compensate the Funds for the losses and added costs resulting from employer contribution delinquencies. The liquidated damages relate to the losses and additional costs incurred by the Funds. The losses and added expenses incurred by the Funds also significantly impair their ability to continue to provide benefits to not only the Company's employees, but to employees of companies that have complied with their contractual obligations.

(d)    The Company owes interest totaling $11,968.22 on the unpaid contributions for December 2003 through January 2005 as set forth on the remittance reports it submitted to the Funds.

(e)    Except for amounts determined by the audit, the contribution deficiency, assessed interest on late contributions and liquidated damages on contributions paid late or not paid are itemized in the Employer Status Report ("Statement"). This Statement is prepared in the regular course of business at GEMGroup and sent monthly to delinquent employers. A copy of the Statement is attached to the Motion as Exhibit 4.

(e)    Defendant owes interest through June 30, 2005 in the amount of

$11,935.24 on the unpaid amounts revealed by the audit as set forth in ¶7(b). The interest has

been calculated as provided in the Rules and Regulations of the Funds at 1 1/2% per month for

contributions received after one month from the date on which they should have been received.

An interest calculation schedule is attached as Exhibit 5.

8.    Despite a continuing contractual obligation to do so, Defendant routinely fails to

submit timely contributions and monthly remittance reports.  The Funds and their Trustees are

required to pay benefits to all properly eligible employees of contributing employers.  Employer

contributions and the earnings the Funds receive by investing these contributions comprise the

assets from which the Funds pay benefits. When employers fail to pay their contributions or do

not pay them timely, the Funds are deprived of the investment income they otherwise could have

earned.  Employees of contributing employers continue to accrue benefit eligibility regardless of

whether their employers pay the contributions to the Funds on the hours they work or are paid.

The Funds', especially the Pension Fund's, obligation to provide these benefits to otherwise

eligible employees is absolute and continues even if the employers fail to pay their required

contributions. In addition, the Funds also must engage in time consuming and costly efforts to

collect the unpaid contributions.  These efforts include letters and phone calls to the employer and

the local union, investigating other sources for collection (i.e. labor and materialmens bonds,

mechanics liens, possible claims under State construction lien laws) and attempting to calculate

delinquency amounts through other sources (e.g. paystubs, job steward's reports, and certified

payrolls on publicly funded projects) if available.  The Funds also have to process benefit

eligibility and benefit claims manually so that participants employed by the delinquent employer

are not deprived of benefits to which they are otherwise entitled.  The actual losses and added

costs (both in terms of dollar amounts, capital, and manpower) incurred by the Funds in connection with an employer contribution delinquency are not capable of precise determination, but are substantial. The refusal of an employer to contribute as it is bound means irreparable harm and injury to the Funds -- an obligation to make benefit payments to employees without the necessary contributions from the employer to cover those benefits. This also deprives the Funds of assets that would otherwise be available to pay claims of employees of other employers that have timely paid their contribution obligations. In order to insure that the Funds are able to provide participants and their dependents with the benefits to which they are entitled, it is imperative that all employers including the Defendant be required to submit the required remittance reports and contributions when they are due.

9.    I have executed this Declaration in support of the Plaintiffs' Motion for Default Judgment against Defendant, American Mechanical, Inc., and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 7/5/05

_____
SCOTT ERNSBERGER

# Exhibit 2



**JENNINGS SIGMOND**

ATTORNEYS AT LAW
Sanford G. Rosenthal
Direct Dial: (215) 351-0611
E-Mail Address: srosenthal@jslex.com

Member: PA and DC Bars

JENNINGS SIGMOND, P.C.
THE PENN MUTUAL TOWERS
16TH FLOOR
510 WALNUT STREET
INDEPENDENCE SQUARE
PHILADELPHIA, PA 19106-3683
215-922-6700
FAX 215-922-3524

EDWARD DAVIS 1893-1987
M. H. GOLDSTEIN 1904-1971

March 10, 2005

Thomas Porter, President
American Mechanical, Inc.
57 McMillian Way
Delaware Industrial Park
Newark, DE 19713

> **RE:   Plumbers & Pipefitters Local 74 Funds - and - American Mechanical, Inc.
> Settlement Agreement – February 21, 2005**

Dear Mr. Porter:

This letter constitutes the agreement ("Settlement Agreement") to settle the contribution delinquency of American Mechanical, Inc. ("AMI") to the Plumbers and Pipefitters Local Union No. 74 Annuity Fund, Plumbers and Pipefitters Local Union No. 74 Health and Welfare Trust Fund, Plumbers and Pipefitters Local Union No. 74 Pension Fund (formerly The Pipefitters Local Union No. 80 and Employers Joint Pension Trust Fund), Plumbers and Pipefitters Local Union No. 74 Apprenticeship Fund, Pipefitters Local Union No. 74 Educational/PAC Fund, Pipefitters Local Union No. 74 Vacation Fund and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ( all jointly, "Funds") . The terms of the settlement are as follows:

1.      AMI agrees it owes the Funds $73,414.61 in contributions for December 2003 through December 2004, interest on the delinquent contributions in the amount of $17,501.83 through February 10, 2005, liquidated damages of $14,489.20, and attorneys' fees and costs of $4,227.80 through March 9, 2005. The total amount due the Funds is $109,633.44 ("Total Debt").

2.      AMI agrees to pay the Total Debt plus interest at the rate of 7% per annum compounded daily in accordance with the amortization schedule attached as Exhibit 1. All payments will be sent to Plumbers & Pipefitters Local 74 Funds, c/o GEMGroup, 650 Naamans Road, Suite 303, Claymont, DE 19703, attention Scott Ernsberger.  All checks will be made payable to Plumbers & Pipefitters Local 74 Funds.

3.      Commencing with its contributory obligation for January 2005, AMI agrees to submit all remittance reports and contributions by the 28th day of the month following the month

149540-1

Thomas Porter, President
March 10, 2005
Page 2

in which the hours were worked (e.g. January contributions by February 28).

4.      To secure payment of the Total Debt, AMI shall execute the Promissory Note and Warrant of Attorney to Confess Judgment attached as Exhibit 2.

5.      In order to further secure payment of the Total Debt, AMI grants the Funds a security interest in all of its accounts receivables, contract rights, instruments, chattel paper, general intangibles and work in progress, whether performed or unperformed and whether now existing or hereafter created or acquired including the proceeds thereof and will execute the Security Agreement attached as Exhibit 3 and, if necessary, any financing statement needed to perfect the security interest.

6.      The amounts set forth in ¶1 are based on remittance reports prepared by AMI and submitted to the Funds. The Funds retain the right to conduct an audit of all relevant periods, including the time periods covered by this settlement. AMI, its owners, officers, agents, servants, employees and all persons acting on it's behalf or in conjunction with it, shall submit to such audits by certified public accountants selected by the Funds and shall produce all books and records requested by the auditor and/or the Trustees of the Funds including, but not limited to, payroll, wage, general ledger, cash disbursement records, tax returns, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Funds. AMI shall pay to the Funds any additional amounts found owing, plus the costs of the audit and all such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Funds, ERISA and applicable law.

7.      On or before March 15, 2005, AMI will deliver to the Funds a fringe benefit surety bond in a form acceptable to the Funds in the penal sum of $30,000. The bond will be issued by a surety acceptable to the Funds. The form of Bond is attached as Exhibit 4. In the event AMI is unable to obtain an acceptable bond, it will deliver to the Funds or their designee a certified check for $30,000 to establish a cash escrow in accordance with the terms set forth in Exhibit 5. If AMI is unable to remit the cash escrow in a lump sum, then commencing March 15, 2005 and on the 15th day of each succeeding month through August 15, 2005, AMI shall deliver to the Fund or its designee a certified check in the amount of $5,000 to establish the required escrow. This payment shall be in addition to any other payments required under this Settlement Agreement or AMI's collective bargaining agreement with Local 74.

8.      In the event AMI breaches any of the terms of this Settlement Agreement or the Security Agreement, the Funds will be entitled to take such action as they reasonably deem appropriate to collect all amounts owed to them by AMI, including the entry of judgment on the Note, foreclosure on the security interest, and commencement of appropriate collection actions. The amounts recoverable by the Funds shall be the Total Debt less payments made to the date of default and amortized to principal and interest and, in addition, the Funds also shall be entitled to

149540-1

Thomas Porter, President
March 10, 2005
Page 3

recover all attorneys' fees and costs and related collection costs they incur as a result of a breach of this agreement by AMI that is not timely cured and such other amounts as they may be entitled to under the Security Agreement and relevant law. A breach of this Settlement Agreement shall occur in the event:

(a)  AMI fails to timely remit any installment payment when due under the payment schedule attached as Exhibit 1.

(b)  AMI submits even one untimely monthly remittance report and/or contribution to the Funds for work performed on and after January 1, 2005.

(c)  AMI fails to provide a $30,000 fringe benefit bond or $30,000 escrow by March 15, 2005 or fails to make any of the $5,000 monthly payments described in ¶7.

(d)  Any material representation, statement, or warranty made by AMI in this Settlement Agreement or any document executed in connection with this Settlement Agreement shall prove to have been incorrect in any material respect when made.

(e)  AMI shall be unable, or admits in writing its inability, to pay its debts as they become due, other than the debt which is the subject of this Settlement Agreement.

(f)  AMI fails to cooperate in the conduct of the audit provided for in ¶6 above.

(g)  AMI fails to comply with any term or provision in the Security Agreement.

(h)  A receiver, trustee or liquidator shall be appointed with respect to all or a substantial portion of the assets of AMI.

(i)  AMI makes a general assignment for the benefit of creditors, becomes subject (voluntarily or involuntarily) to any state bankruptcy or insolvency proceeding or becomes a debtor in a proceeding under Title 11, U.S.C., or makes or files an arrangement with creditors in order to take advantage of any insolvency law.

Upon the occurrence of any one or more of the foregoing events, unless cured within ten (10) days after AMI receives written notice of the event of default from the Funds or their counsel

149540-1

Thomas Porter, President
March 10, 2005
Page 4

with respect to events described in ¶¶8(a)-(g) or within forty-five (45) days for events described in ¶¶8(h) and (i) by the dismissal of such proceedings, the Funds shall have the right, but not the obligation, to immediately initiate all actions they, in their sole and exclusive discretion, deem appropriate to collect the then full outstanding balance they are owed plus all such other amounts to which they may be entitled. The failure of the Funds to exercise any of their rights upon the occurrence of an event of default shall not waive or prevent exercise of those rights upon a later default. In connection with any proceeding described in ¶¶8(h) and (i) above, in addition to any other rights they may have, the Funds shall be entitled to file claims for the then full outstanding principal balance (together with accrued interest) of the Total Debt as set forth in ¶1 above. The events described in ¶8(i) shall not be deemed an event of default provided AMI continues to make all payments required by the Settlement Agreement and otherwise complies with all terms and conditions of this Settlement Agreement, the Security Agreement and any constituent documents and, in connection with any Chapter 11 bankruptcy, AMI assumes the Settlement Agreement, the Security Agreement and all of related documents and cures all defaults.

9.      On non-payment of any installment payment when due under the payment schedule attached as Exhibit 1, Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union") may withdraw labor from AMI without prior notice to AMI, and AMI shall be liable for all damages provided under its collective bargaining agreement(s) with the Union and applicable law.

10.      The Funds agree not to commence any action to enforce their rights as secured creditors or any other rights they may have under law to recover the amounts owed by AMI as long as AMI is in compliance with all terms of this Settlement Agreement and the Security Agreement.

11.      The obligation of the Funds to provide AMI with written notice of the occurrence of an event of default pursuant to the terms of this Settlement Agreement may be satisfied by mailing the notice by first class mail to Thomas Porter, President, American Mechanical, Inc., 57 McMillian Way, Delaware Industrial Park, Newark, DE 19713 or faxing a copy to AMI at (302) 455-1499 attention Thomas Porter. Notices to the Funds shall be sent to the Funds by first class mail addressed to Plumbers & Pipefitters Local 74 Funds c/o GEMGroup, 650 Naamans Road, Suite 303, Claymont, DE 19703, attention Scott Ernsberger. Copies of any notices to the Funds shall be faxed or mailed by first class mail to Sanford G. Rosenthal, Esquire, Jennings Sigmond, The Penn Mutual Towers, 16th Floor, 510 Walnut Street, Philadelphia, PA 19160-3683, fax: 215-922-3524.

Please indicate agreement to the terms of this settlement by having this Settlement Agreement signed by authorized representatives of AMI and the corporate seal affixed. Please also sign the Note, Warrant and Security Agreement and, if necessary, the Escrow Agreement and have each of them properly notarized. **All documents must be fully executed and returned**

149540-1

Thomas Porter, President
March 10, 2005
Page 5

**to me by March 15, 2005 along with all payments due by that date.**

    If you should have any questions, please do not hesitate to call.

                      Sincerely,

                      SANFORD G. ROSENTHAL

pfrd74.26830.c/American Mechanical
Enclosures
cc:    Scott Ernsberger
       All Trustees

### WE HEREBY ACCEPT THIS SETTLEMENT AGREEMENT

Witness:

                           Plumbers and Pipefitters Local Union No. 74
                              Annuity Fund,
                           Plumbers and Pipefitters Local Union No. 74
                              Health and Welfare Trust Fund,
                           Plumbers and Pipefitters Local Union No.
                              74 Pension Fund (formerly The Pipefitters
                              Local Union No. 80 and Employers Joint
                              Pension Trust Fund),
                           Plumbers and Pipefitters Local Union No. 74
                              Apprenticeship Fund,
                           Pipefitters Local Union No. 74
                              Educational/PAC Fund, and
                           Pipefitters Local Union No. 74 Vacation Fund

                           By:
                           Employer Trustee

Witness:

                           By:
                           Union Trustee
     Notary Public

149540-1

Thomas Porter, President
March 10, 2005
Page 6

Witness:

Local Union No. 74 of the United
Association of Journeymen and Apprentices
of the Plumbing and Pipefitting Industry of
the United States and Canada, AFL-CIO

By: _____

John Czerwinski, Business Manager

_____
Notary Public

Acknowledged:

AMERICAN MECHANICAL, INC.

_____
Diane M. Comly

By: _____

Corporate Secretary
Place Corporate
Seal Here

Thomas Porter, President

**DIANE M. COMLY**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
My Commission Expires June 18, 2008

149540-1

03/09/2005  Page 1

American mechanical Payment Schedule   Exh. #1  (ammechpy)

Compound Period  ........ :  Daily

| | | |
|---|---|---|
| Nominal Annual Rate ....: | 7.000 | % |
| Effective Annual Rate ... : | 7.250 | % |
| Periodic Rate ................: | 0.0192 | % |
| Daily Rate ......................: | 0.01918 | % |

## CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 02/10/2005 | 109,633.44 | 1 | | |
| 2 Payment | 03/15/2005 | 5,000.00 | 1 | | |
| 3 Payment | 04/05/2005 | 30,000.00 | 1 | | |
| 4 Payment | 05/05/2005 | 15,418.24 | 5 | Monthly | 09/05/2005 |

## AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| Loan 02/10/2005 | | | | 109,633.44 |
| 1 03/15/2005 | 5,000.00 | 695.98 | 4,304.02 | 105,329.42 |
| 2 04/05/2005 | 30,000.00 | 425.02 | 29,574.98 | 75,754.44 |
| 3 05/05/2005 | 15,418.24 | 437.06 | 14,981.18 | 60,773.26 |
| 4 06/05/2005 | 15,418.24 | 362.35 | 15,055.89 | 45,717.37 |
| 5 07/05/2005 | 15,418.24 | 263.76 | 15,154.48 | 30,562.89 |
| 6 08/05/2005 | 15,418.24 | 182.23 | 15,236.01 | 15,326.88 |
| 7 09/05/2005 | 15,418.24 | 91.36 | 15,326.88 | 0.00 |
| 2005 Totals | 112,091.20 | 2,457.76 | 109,633.44 | |
| Grand Totals | 112,091.20 | 2,457.76 | 109,633.44 | |


EXHIBIT

# Exhibit 3



# HAGGERTY & HAGGERTY, P.A.

James R. Zdimal, CPA†
Vincent S. Barbone, CPA, CFE*†

### CERTIFIED PUBLIC ACCOUNTANTS
### & MANAGEMENT CONSULTANTS

American Institute of CPA
Pennsylvania Institute of CPA*
Delaware Society of CPA†
Private Companies Practice Section

RECEIVED
MAY - 5 2005

April 28, 2005

**Jennings Sigmond, P.C.**
Attn: Sanford Rosenthal, Esq.
Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, Pennsylvania 19106-3683

Dear Sandy:

Below is information regarding the employer contribution compliance audit of American Mechanical Inc.

- **Date of Employer Contribution Compliance Audit** – April 1, 2005
- **Place** – Company
- **Contact** – Thomas Porter, Owner

The records of the company were very poor. Time cards for 2003 did not match unemployment reports, nor did they match 941s, and did not match W-2s. Mr. Porter stated that payroll cards should be used as the correct record. Thus used payroll cards to match up to employer reports filed to compute discrepancies in reporting. Payroll cards did match W-2s for 2004.

## 2003
### Thomas Porter *

|  |  |
|---|---|
| Hours reported: | 480 |
| Hours per payroll cards: | 1,404 |
| **Over (short)** | **(924)** |
| Compensation reported: | $ 11,918.40 |
| Compensation per payroll cards: | 30,769.20 |
| **Over (short)** | **$(18,850.80)** |

| Dues shortage | $18,850.80 x 2.000% = $377.02 |
| Market recovery shortage | 924.00 x $ 0.50 = $462.00 |
| Contribution shortage | 924.00 x $14.87 = $13,739.88 |

* Assumed all hours worked in trade at commercial rate.

### Gordon W. Lindamood

|  |  |
|---|---|
| Hours reported: | 680 |
| Hours per payroll cards: | 816 |
| **Over (short)** | **136** |
| Compensation reported: | $ 16,884.40 |
| Compensation per payroll cards: | 20,261.32 |
| **Over (short)** | **$ (3,376.92)** |

| Dues shortage | $ 3,376.92 x 2.000% = $67.54 |
| Market recovery shortage | 136.00 x $ 0.50 = $68.00 |
| Contribution shortage | 136.00 x $14.87 = $2,022.32 |

\2005-CORRESPONDENCE\3260-042805-JRZ-AMI

510 Philadelphia Pike • Wilmington, DE 19809 • DE (302) 762-6380 • PA (610) 436-8630 • FAX (302) 762-2081

**Jennings Sigmond, P.C.**
Attn:  Sanford Rosenthal, Esq.
April 28, 2005
Page 2 of 3

**2003 Totals**
Total dues shortage                                                        $    444.56

Total market recovery shortage                                 $    530.00

Total contribution shortage                                        $ 15,762.20

**2004**
**Thomas Porter \***
Hours reported:                                                                     1,000
Hours per payroll cards:                                                          2,080

Over (short)                                                                            (1,080)

Compensation reported:                                                  $ 38,461.72
Compensation per payroll cards:                                    78,461.46

Over (short)                                                                   $(39,999.74)

\* Assumed all hours worked in trade (commercial hours).

| Dues shortage | $39,999.74 x 2.000% = $800.00 | |
|---|---|---|
| Market recovery shortage | 1,080.00 x $ 0.15 = $162.00 | |
| Contribution shortage | 40.00 x $15.72 = | $    628.80 |
| | 80.00 x $15.72 = | 1,257.60 |
| | 960.00 x $16.42 = | 15,763.20 |
| Total contribution shortage | | $17,649.60 |

**Gordon W. Lindamood**
Hours reported:                                                                    1,834.76
Hours per payroll cards:                                                         2,101.50

Over (short)                                                                             266.74

Compensation reported:                                                  $ 46,332.54
Compensation per payroll cards:                                     53,628.22

Over (short)                                                                    $  7,295.68

| Dues shortage | $7,295.68 x 2.000% = $145.92 | |
|---|---|---|
| Market recovery shortage | 266.74 x $ 0.15 = $40.02 | |
| Contribution shortage | 178.74 x $15.72 = | $ 2,809.80 |
| | 88.00 x $16.42 = | 1,444.96 |
| Total contribution shortage | | $ 4,254.76 |

**Vincent Giovannozzi**
Hours reported:                                                                        640
Hours per payroll cards:                                                             720

Over (short)                                                                              80

Compensation reported:                                                  $   7,334.40
Compensation per payroll cards:                                      8,272.80

Over (short)                                                                     $   (938.40)

| Dues shortage | $938.40 x 2.000% = $18.77 |
|---|---|
| Market recovery shortage | 80.00 x $ 0.15 = $12.00 |
| Contribution shortage | 80.00 x $ 5.99 = $479.20 |

**Jennings Sigmond, P.C.**
Attn:  Sanford Rosenthal, Esq.
April 28, 2005
Page 3 of 3

**2004** (continued)
**Phil Kemether**

| | |
|---|---:|
| Hours reported: | 832 |
| Hours per payroll cards: | 872 |
| **Over (short)** | 40 |
| Compensation reported: | $ 21,106.56 |
| Compensation per payroll cards: | 22,523.76 |
| **Over (short)** | $ (1,417.20) |

Dues shortage            $1,417.20 x 2.000% = $28.35
Market recovery shortage      40.00 x $ 0.15 = $6.00
Contribution shortage        40.00 x $16.72 = $668.80

**Jay Karg**

| | |
|---|---:|
| Hours reported: | 421 |
| Hours per payroll cards: | 421 |
| **Over (short)** | |
| Compensation reported: | $ 10,558.68 |
| Compensation per payroll cards: | 10,558.68 |
| **Over (short)** | $ |

**2004 Totals**

| | |
|---|---:|
| Total dues shortage | $     993.04 |
| Total market recovery shortage | $     220.02 |
| Total contribution shortage | $ 23,052.36 |

Should you have any questions regarding the above, feel free to give me a call.

Very truly yours,

**HAGGERTY & HAGGERTY, P.A.**

By: _____
    James R. Zdimal, CPA

JRZ/ejr
cc:  Board of Trustees of Pension, Welfare and Annuity Funds

# Exhibit 4


**GEMGroup**

# Trustee Employer Status Report
# Plumbers & Pipefitters Local 74
# All Funds

30 June 2005

**American Mechanical Inc**

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damage/ Interest | Discrepancy Amount |
|---|---|---|---|---|---|---|---|---|
| COM | 130133 | 06/2003 | 12/01/2004 | 12/08/2004 | Overage | ATTY | 0.00 | -20.64 |
| COM | 130135 | 07/2003 | 09/23/2003 | 09/23/2003 | Liquidated Damages | ATTY | 9.75 | 0.00 |
| COM | 132867 | 12/2003 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 534.66 |
| COM | 137934 | 12/2003 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 144.36 | 0.00 |
| COM | 137934 | 12/2003 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 106.94 | 0.00 |
| COM | 132868 | 01/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 5,935.60 |
| COM | 137935 | 01/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 1,543.26 | 0.00 |
| COM | 137935 | 01/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,187.12 | 0.00 |
| COM | 137936 | 02/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 1,320.24 | 0.00 |
| COM | 137936 | 02/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,056.19 | 0.00 |
| COM | 132869 | 02/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 5,280.94 |
| COM | 132870 | 03/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 5,280.94 |
| COM | 137937 | 03/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 1,267.43 | 0.00 |
| COM | 137937 | 03/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,056.19 | 0.00 |
| COM | 132871 | 04/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 5,443.11 |
| COM | 137938 | 04/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 1,251.92 | 0.00 |
| COM | 137938 | 04/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,088.63 | 0.00 |
| COM | 132872 | 05/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 5,505.24 |
| COM | 137939 | 05/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 1,211.16 | 0.00 |
| COM | 137939 | 05/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,101.05 | 0.00 |
| COM | 132874 | 06/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 2,800.24 |
| COM | 137940 | 06/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 588.05 | 0.00 |
| COM | 137940 | 06/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 560.50 | 0.00 |
| COM | 132828 | 07/2004 | 02/10/2005 | 02/10/2005 | Pay Stub Shortage | ATTY | 0.00 | 507.84 |
| COM | 132876 | 07/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 3,287.43 |
| COM | 137941 | 07/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 645.20 | 0.00 |
| COM | 137941 | 07/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 759.06 | 0.00 |
| COM | 132877 | 08/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 3,930.38 |
| COM | 137942 | 08/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 628.86 | 0.00 |
| COM | 137942 | 08/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 786.08 | 0.00 |
| COM | 132860 | 09/2004 | 02/09/2005 | 02/09/2005 | Interest on Late Contributions | ATTY | 49.29 | 0.00 |
| COM | 132860 | 09/2004 | 02/09/2005 | 02/09/2005 | Liquidated Damages | ATTY | 203.81 | 0.00 |
| COM | 132878 | 09/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 4,784.25 |
| COM | 137943 | 09/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 645.88 | 0.00 |
| COM | 137943 | 09/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 956.85 | 0.00 |
| COM | 132862 | 10/2004 | 02/09/2005 | 02/09/2005 | Interest on Late Contributions | ATTY | 35.01 | 0.00 |
| COM | 132862 | 10/2004 | 02/09/2005 | 02/09/2005 | Liquidated Damages | ATTY | 203.81 | 0.00 |
| COM | 132879 | 10/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 5,465.30 |
| COM | 137944 | 10/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 655.84 | 0.00 |



**GEMGroup**

# Trustee Employer Status Report
# Plumbers & Pipefitters Local 74
# All Funds

30 June 2005

Page 2 of 3

American Mechanical Inc

| Sub Group | Invoice Number | Work Month | Postmark Date | Date Received | Description | Status | Liquidated Damage/ Interest | Discrepancy Amount |
|-----------|----------------|------------|---------------|---------------|-------------|--------|------------------------------|--------------------|
| COM | 137944 | 10/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,093.08 | 0.00 |
| COM | 132864 | 11/2004 | 02/09/2005 | 02/09/2005 | Interest on Late Contributions | ATTY | 19.73 | 0.00 |
| COM | 132864 | 11/2004 | 02/09/2005 | 02/09/2005 | Liquidated Damages | ATTY | 203.81 | 0.00 |
| COM | 132880 | 11/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 8,006.56 |
| COM | 137945 | 11/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 840.69 | 0.00 |
| COM | 137945 | 11/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,601.32 | 0.00 |
| COM | 132866 | 12/2004 | 02/09/2005 | 02/09/2005 | Liquidated Damages | ATTY | 101.91 | 0.00 |
| COM | 132881 | 12/2004 | 02/10/2005 | 02/10/2005 | Report Received No Money | ATTY | 0.00 | 9,775.60 |
| COM | 137946 | 12/2004 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 879.81 | 0.00 |
| COM | 137946 | 12/2004 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 1,955.12 | 0.00 |
| COM | 134907 | 01/2005 | 04/04/2005 | 04/04/2005 | Report Received No Money | ATTY | 0.00 | 918.14 |
| COM | 134908 | 01/2005 | 04/04/2005 | 04/04/2005 | Interest on Late Contributions | ATTY | 172.63 | 0.00 |
| COM | 134908 | 01/2005 | 04/04/2005 | 04/04/2005 | Liquidated Damages | ATTY | 2,038.80 | 0.00 |
| COM | 137947 | 01/2005 | 06/30/2005 | 06/30/2005 | Interest on Late Contributions | ATTY | 68.86 | 0.00 |
| COM | 137947 | 01/2005 | 06/30/2005 | 06/30/2005 | Liquidated Damages | ATTY | 183.63 | 0.00 |
| COM | 134909 | 02/2005 | 04/04/2005 | 04/04/2005 | Liquidated Damages | ATTY | 1,216.78 | 0.00 |
| COM | 134910 | 02/2005 | 04/04/2005 | 04/04/2005 | Liquidated Damages | ATTY | 99.55 | 0.00 |
| COM | | 03/2005 | | | NO REPORT RECEIVED | ATTY | | |
| COM | | 04/2005 | | | NO REPORT RECEIVED | ATTY | | |
| | | | | Net Sub Total Discrepancy : | | | 29,538.18 | 67,435.59 |
| | | | | Total Net Discrepancy : | | | | 96,973.77 |

Report Parameter Name: TRUSTEE EMPLOYER STATUS REPORT (507)

TR00667



**GEMGroup**

# Trustee Employer Status Report
# Plumbers & Pipefitters Local 74
## All Funds

30 June 2005

Page 3 of 3

### Description Summary

| Description | Discrepancy Amount |
|---|---|
| Interest on Late Contributions | 11,968.22 |
| Liquidated Damages | 17,569.96 |
| Overage / Shortage | -20.64 |
| Pay Stub Shortage | 507.84 |
| Report Received No Money | 66,948.39 |

| Fund Total: | 96,973.77 |
|---|---|

# Exhibit 5

06/30/2005   Page 1

American Mechanical Accrued Interest (Audit Deficiency)

Compound Period ......: Monthly

Nominal Annual Rate ..:  18.000   %
Effective Annual Rate .:  19.562   %
Periodic Rate ...............:   1.5000  %
Daily Rate .....................:   0.04932%

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|-------|------------|--------|--------|--------|----------|
| 1 Loan | 06/30/2003 | 16,736.76 | 1 | | |
| 2 Loan | 06/30/2004 | 24,265.42 | 1 | | |
| 3 Payment | 06/30/2005 | 52,937.42 | 1 | | |

AMORTIZATION SCHEDULE - Normal Amortization

| Date | Loan | Payment | Interest | Principal | Balance |
|------|------|---------|----------|-----------|---------|
| Loan 06/30/2003 | 16,736.76 | | | | 16,736.76 |
| 2003 Totals | 16,736.76 | 0.00 | 0.00 | 0.00 | |
| Loan 06/30/2004 | 24,265.42 | | 3,274.01 | 3,274.01- | 44,276.19 |
| 2004 Totals | 24,265.42 | 0.00 | 3,274.01 | 3,274.01- | |
| 1 06/30/2005 | | 52,937.42 | 8,661.23 | 44,276.19 | 0.00 |
| 2005 Totals | 0.00 | 52,937.42 | 8,661.23 | 44,276.19 | |
| Grand Totals | 41,002.18 | 52,937.42 | 11,935.24 | 41,002.18 | |

# Exhibit 6



# JENNINGS SIGMOND

**ATTORNEYS AT LAW**

Sanford G. Rosenthal
Direct Dial: (215) 351-0611
E-Mail Address: srosenthal@jslex.com

Member: PA & DC Bars

**JENNINGS SIGMOND, P.C.**
THE PENN MUTUAL TOWERS
16TH FLOOR
510 WALNUT STREET
INDEPENDENCE SQUARE
PHILADELPHIA, PA 19106-3683
215-922-6700
FAX 215-922-3524

EDWARD DAVIS 1893-1987
M. H. GOLDSTEIN 1904-1971

March 23, 2005

**FAX AND FIRST CLASS: (302) 455-1499**
Thomas Porter, President
American Mechanical, Inc.
57 McMillian Way
Delaware Industrial Park
Newark, DE 19713

   **RE:    Notice of Default and Right to Cure**

Dear Mr. Porter:

   This notice is provided in accordance with ¶8 of the February 21, 2005 Settlement Agreement between American Mechanical, Inc. ("AMI") and the Plumbers & Pipefitters Local 74 Funds. **According to the Funds' records, AMI is in breach of the settlement as a result of the following:**

   - **failed to submit its contributions for January 2005**

   - **failed to submit the installment payment of $5,000 which became due on March 15, 2005**

   - **failed to post the $30,000 fringe benefit surety bond by March 15, 2005 or to follow any of the alternatives set out in ¶7 of the Settlement Agreement**

   Unless each of these items is corrected within ten (10) days of the date of this letter, the Funds will declare a default and commence all appropriate proceedings to collect all amounts owed. This may include foreclosing on their security interest in your company's accounts receivable by notifying each of your account debtors to send all future payments to the Funds. I trust such action will not become necessary. **You must also immediately provide me with a current accounts receivable aging report in accordance with §4(vi) of the Security Agreement.** Your failure to submit the A/R Aging Report is also a ground for default.

   All past due payments must be delivered to the GEMGroup within the prescribed ten day period. Your January 2005 contributions will also be subject to liquidated damages and interest.

   This also is a reminder that your February contributions are due by March 28, 2005 and

150172-1

26830

Thomas Porter, President
March 23, 2005
Page 2

that there is a $30,000 installment is due April 5, 2005.

Please do not hesitate to call me with any questions.

Very truly yours,

SANFORD G. ROSENTHAL

pfrd74.26830.c
amer. mech.
cc:    Scott Ernsberger
       All Trustees

150172-1

# Exhibit 7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL | : | CIVIL ACTION |
| UNION NO. 74 ANNUITY FUND, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN MECHANICAL, INC. | : | |
| | : | |
| Defendant | : | NO.: 05-050 (SLR) |

## DECLARATION OF SANFORD G. ROSENTHAL, ESQUIRE

Sanford Rosenthal, Esquire, declares on penalty of perjury under the laws of the United States as follows:

1.     I am a shareholder in the law firm of Jennings Sigmond, P.C. and presently serve as counsel to the Plumbers & Pipefitters Local Union No. 74 Annuity Fund, et al. ("Funds") in this case. I graduated from The Dickinson School of Law in 1983. I have been a member of the Pennsylvania Bar since 1983. I have represented employee benefit plans such as the Funds since 1983. In that capacity, I have litigated numerous cases involving employers who have failed to pay employee benefit plan contributions. I am submitting this Declaration to document the attorneys' fees and costs which the Funds have incurred in this case through June 30, 2005.

2.     Attached as Exhibit 8 is an itemized statement detailing the unpaid attorney's fees and costs incurred by the Funds through June 30, 2005, in connection with collecting delinquent contributions and other amounts from Defendant. Based upon my review of Exhibit 8,

the Funds have incurred $6,355.51 in attorneys' fees and costs.

I declare under penalty of perjury in accordance
with 28 U.S.C. §1746 that the foregoing is true and
correct to the best of my knowledge, information
and belief.

Date: 6/30/05

SANFORD G. ROSENTHAL

2

# Exhibit 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY FUND, et al. | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN MECHANICAL, INC. | : | |
| | : | |
| Defendant | : | NO. 05-050 (SLR) |

**JENNINGS SIGMOND, P.C. ATTORNEYS' FEES – JUNE 2005**

| Date | Attorney | Task | Time |
|------|----------|------|------|
| 6/24/05 | SGR | Review of Correspondence from T. Snyder, Esquire Preparation of Motion for Default Judgment | 1.6 |
| 6/30/05 | SGR | Preparation of Motion for Default Judgment | 2.0 |
| | | Total | 3.6 |

June 2005 Summary

SGR  3.6 Hrs. x $240.00      = $   864.00

          Total:      = $   864.00

Attorneys' Fees and Costs
1/05 - 5/05      = $ 5,491.51

     **TOTAL**      **= $ 6,355.51**

155051-1

REPRINT OF BILLED DETAILS (as billed)

```
                    Bill number PFRD74-26830-001 RBS
                    Bill date    02/10/05
```

Plumbers & Pipefitters Local Union
  No. 74 Funds
Scott Ernsberger
GEMGroup
Brandywine Corporate Center
Claymont, DE 19703


American Mechanical, Inc.  (26830)

FOR PROFESSIONAL SERVICES RENDERED

```
01/21/05 SGR   Preparation of Complaint
               Preparation of Corporate Search
               Review and Revision of Complaint
                                   2.20 hrs  240  /hr     528.00
01/27/05 SGR   Memo to File regarding Litigation
               Review of Delinquency Update
               Review and Revision of Complaint
               Letter to Attorney T. Snyder regarding Complaint
                                    .50 hrs  240  /hr     120.00
                                                      -----------
               TOTAL FEES                          $       648.00

DISBURSEMENTS

                                                      -----------
               TOTAL DISBURSEMENTS                 $           .00

BILLING SUMMARY

               TOTAL FEES                          $       648.00
                                                      -----------
               TOTAL CHARGES FOR THIS BILL         $       648.00
```

REPRINT OF BILLED DETAILS (as billed)

Bill number PFRD74-26830-002 RBS
Bill date   03/10/05

Plumbers & Pipefitters Local Union
  No. 74 Funds
Scott Ernsberger
GEMGroup
Brandywine Corporate Center
Claymont, DE 19703


American Mechanical, Inc.   (26830)

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | | |
|---|---|---|---|---|---|---|
| 02/04/05 SGR | Perform Searches to Locate Address of Company for Service<br>Letter to Attorney T. Snyder regarding Same<br>Phone Conference with Attorney T. Snyder | 1.00 hrs | 240 | /hr | | 240.00 |
| 02/09/05 SGR | Review of Correspondence from V. Ledgerwood<br>Letter to V. Ledgerwood and C. Massucci | .40 hrs | 240 | /hr | | 96.00 |
| 02/09/05 SGR | Phone Conference with T. Porter regarding Settlement | .30 hrs | 240 | /hr | | 72.00 |
| 02/10/05 SGR | Review of Correspondence from C. Massucci<br>Review of Delinquency Update<br>Review of Account Receivable Report | .40 hrs | 240 | /hr | | 96.00 |
| 02/15/05 SGR | Phone Conference with J. Czerwinski | .10 hrs | 240 | /hr | | 24.00 |
| 02/21/05 SGR | Phone Conference with V. Ledgerwood<br>Preparation of Settlement Documents<br>Phone Conference with T. Potter (2x)<br>Phone Conference with B. Knoll | 2.70 hrs | 240 | /hr | | 648.00 |
| | TOTAL FEES | | | | $ | 1,176.00 |

DISBURSEMENTS

| | | | |
|---|---|---|---|
| 02/28/05 CRDB | Computer Research - Dun & Bradstreet | | 50.60 |
| | TOTAL DISBURSEMENTS | $ | 50.60 |

BILLING SUMMARY

| | | | |
|---|---|---|---|
| | TOTAL FEES | $ | 1,176.00 |

REPRINT OF BILLED DETAILS (as billed)
PFRD74-26830-002 RBS                                    Page    2

   TOTAL DISBURSEMENTS                    $         50.60
                  -----------
   TOTAL CHARGES FOR THIS BILL           $      1,226.60

REPRINT OF BILLED DETAILS (as billed)

Bill number PFRD74-26830-003 RBS
Bill date    04/11/05

Plumbers & Pipefitters Local Union
  No. 74 Funds
Scott Ernsberger
GEMGroup
Brandywine Corporate Center
Claymont, DE 19703


American Mechanical, Inc.   (26830)

FOR PROFESSIONAL SERVICES RENDERED

| Date | | Description | hrs | rate | | Amount |
|------|---|-------------|-----|------|---|--------|
| 03/01/05 | SGR | Phone Conference with T. Porter | | | | |
| | | Review of Correspondence from V. Ledgerwood | | | | |
| | | | .30 hrs | 240 | /hr | 72.00 |
| 03/07/05 | SGR | Phone Conference with Diane (at Company) | | | | |
| | | | .10 hrs | 240 | /hr | 24.00 |
| 03/08/05 | SGR | Review and Revision of Settlement Documents | | | | |
| | | | 1.00 hrs | 240 | /hr | 240.00 |
| 03/09/05 | SGR | Review and Revision of Settlement Documents | | | | |
| | | | 1.50 hrs | 240 | /hr | 360.00 |
| 03/14/05 | SGR | Phone Conference with T. Porter | | | | |
| | | | .20 hrs | 240 | /hr | 48.00 |
| 03/17/05 | SGR | Review of Correspondence from V. Ledgerwood | | | | |
| | | | .10 hrs | 240 | /hr | 24.00 |
| 03/22/05 | SGR | Phone Conference with T. Porter | | | | |
| | | Letter to T. Porter | | | | |
| | | Phone Conference with V. Ledgerwood | | | | |
| | | Letter to J. Czerwinski | | | | |
| | | | .90 hrs | 240 | /hr | 216.00 |
| 03/23/05 | SGR | Review of Balance Sheet | | | | |
| | | Phone Conference with T. Porter | | | | |
| | | | .40 hrs | 240 | /hr | 96.00 |
| 03/29/05 | SGR | Review of A/R Report | | | | |
| | | | .10 hrs | 240 | /hr | 24.00 |
| 03/30/05 | SGR | Phone Conference with V. Ledgerwood | | | | |
| | | | .20 hrs | 240 | /hr | 48.00 |
| 03/31/05 | SGR | Review of Correspondence from J. Czerwinski | | | | |
| | | | .10 hrs | 240 | /hr | 24.00 |

                                                    -----------
              TOTAL FEES                        $     1,176.00

DISBURSEMENTS

| Date | | Description | Amount |
|------|---|-------------|--------|
| 03/31/05 | COPY | Photocopies | 21.77 |
| 03/31/05 | CRCP | Computer Research - ChoicePoint | 21.00 |
| 03/31/05 | FAX | Fax Charges | 1.50 |

```
REPRINT OF BILLED DETAILS (as billed)
PFRD74-26830-003 RBS                                     Page    2

03/31/05 SD   Special Delivery                                 23.54
                                                         -----------
              TOTAL DISBURSEMENTS                $          67.81

BILLING SUMMARY

              TOTAL FEES                         $       1,176.00

              TOTAL DISBURSEMENTS                $          67.81
                                                         -----------
              TOTAL CHARGES FOR THIS BILL        $       1,243.81
```

REPRINT OF BILLED DETAILS (as billed)

Bill number PFRD74-26830-005 RBS
Bill date   05/10/05

Plumbers & Pipefitters Local Union
  No. 74 Funds
Scott Ernsberger
GEMGroup
Brandywine Corporate Center
Claymont, DE 19703


American Mechanical, Inc.   (26830)

FOR PROFESSIONAL SERVICES RENDERED

| | | | | | | |
|---|---|---|---|---|---|---|
| 04/06/05 | SGR | Review of Correspondence from Attorney T. Snyder | .10 hrs | 240 | /hr | 24.00 |
| 04/08/05 | CTM | Preparation of UCC1 Statement<br>Preparation of Letter to Delaware Department of State regarding Same | 1.40 hrs | 85 | /hr | 119.00 |
| 04/08/05 | SGR | Preparation of Security Interest Filing | .40 hrs | 240 | /hr | 96.00 |
| 04/12/05 | CTM | Computer Research Location of Various Business Entities<br>Phone Conference with Taylor Made Construction regarding Association with American Mechanical<br>Phone Conference with G. Munch regarding Same<br>Review of Dunn & Bradstreet Report regarding Lyttle and Taylor Made | 2.40 hrs | 85 | /hr | 204.00 |
| 04/12/05 | SGR | Preparation of Request to Enter Default<br>Preparation of A/R Claim Notices<br>Letter to T. Snyder | 1.60 hrs | 240 | /hr | 384.00 |
| 04/12/05 | SGR | Phone Conference with T. Porter | .40 hrs | 240 | /hr | 96.00 |
| 04/13/05 | CTM | Computer Research Dunn & Bradstreet regarding Boss Hogg Enterprises and Gary Munch | .30 hrs | 85 | /hr | 25.50 |
| 04/13/05 | SGR | Review of Correspondence from Attorney T. Snyder<br>Phone Conference with T. Porter<br>Phone Conference with V. Ledgerwood<br>Letter to Attorney T. Snyder | .40 hrs | 240 | /hr | 96.00 |
| 04/13/05 | SGR | Letter to Boss Enterprises regarding Air Claim<br>Review of A/R Report (4/13/05) | .20 hrs | 240 | /hr | 48.00 |
| 04/14/05 | SGR | Phone Conference with R. Brown regarding Account Receivable Demand | | | | |

```
REPRINT OF BILLED DETAILS (as billed)
PFRD74-26830-005 RBS                                          Page    2
```

|            |     |                                                                                                                  | .20 hrs | 240 | /hr |    48.00 |
|------------|-----|------------------------------------------------------------------------------------------------------------------|---------|-----|-----|----------|
| 04/15/05   | CTM | Computer Research Dunn and Bradstreet regarding Taylor Made Construction Phone Conference with Taylor Made Construction regarding Same | | | | |
|            |     |                                                                                                                  | .10 hrs |  85 | /hr |     8.50 |
| 04/19/05   | SGR | Review of Entry of Default                                                                                        | | | | |
|            |     |                                                                                                                  | .10 hrs | 240 | /hr |    24.00 |
| 04/22/05   | SGR | Review of Correspondence from V. Ledgerwood                                                                       | | | | |
|            |     |                                                                                                                  | .10 hrs | 240 | /hr |    24.00 |
| 04/27/05   | SGR | Preparation of Motion for Default Judgment                                                                        | | | | |
|            |     |                                                                                                                  | 1.00 hrs| 240 | /hr |   240.00 |
| 04/28/05   | SGR | Phone Conference with T. Snyder                                                                                   | | | | |
|            |     |                                                                                                                  | .30 hrs | 240 | /hr |    72.00 |
| 04/29/05   | SGR | Review of Correspondence from T. Snyder                                                                           | | | | |
|            |     |                                                                                                                  | .10 hrs | 240 | /hr |    24.00 |

```
                                                                 -----------
            TOTAL FEES                                        $     1,533.00

DISBURSEMENTS

04/07/05 7100 UCC Filing Fee                                            50.00
04/30/05 COPY Photocopies                                               11.48
04/30/05 FAX  Fax Charges                                                1.50
04/30/05 PO   Postage Charges                                           45.60
04/30/05 SD   Special Delivery                                          11.77
                                                                 -----------
            TOTAL DISBURSEMENTS                               $       120.35

BILLING SUMMARY

            TOTAL FEES                                       $     1,533.00

            TOTAL DISBURSEMENTS                              $       120.35
                                                                 -----------
            TOTAL CHARGES FOR THIS BILL                      $     1,653.35
```

REPRINT OF BILLED DETAILS (as billed)

```
               Bill number PFRD74-26830-006 RBS
                    Bill date   06/10/05
```

Plumbers & Pipefitters Local Union
  No. 74 Funds
Scott Ernsberger
GEMGroup
Brandywine Corporate Center
Claymont, DE 19703


American Mechanical, Inc.  (26830)

FOR PROFESSIONAL SERVICES RENDERED

```
05/05/05 SGR  Review of Audit
              Phone Conference with J. Zdimal
                                .40 hrs  240  /hr    96.00
05/10/05 SGR  Phone Conference with V. Ledgerwood regarding
              Audit Shortages
              Review of Correspondence from V. Ledgerwood
                                .20 hrs  240  /hr    48.00
05/12/05 SGR  Phone Conference with J. Czerwinski
              Phone Conference with R. Finnochiaro
                                .20 hrs  240  /hr    48.00
05/13/05 SGR  Phone Conference with R. Finnochiaro regarding
              A/R Payment
              Preparation of Security Interest Claim Follow-Up
                                .60 hrs  240  /hr   144.00
05/16/05 SGR  Preparation of Claim on Security Interest
                                .30 hrs  240  /hr    72.00
05/18/05 SGR  Phone Conference with Attorney R. Radulski
                                .30 hrs  240  /hr    72.00
05/19/05 SGR  Phone Conference with Attorney R. Radulski
              regarding Settlement
                                .20 hrs  240  /hr    48.00
05/23/05 SGR  Phone Conference with G. Munch (Boss Enterprises)
              regarding A/R Claim
                                .20 hrs  240  /hr    48.00
05/24/05 SGR  Phone Conference with R. Lyttle regarding Account
              Receivable
              Letter to G. Munch
                                .50 hrs  240  /hr   120.00
                                                   ----------
              TOTAL FEES                       $    696.00
```

DISBURSEMENTS

```
05/31/05 COPY Photocopies                            7.56
05/31/05 PO   Postage Charges                        4.42
```

```
REPRINT OF BILLED DETAILS (as billed)
PFRD74-26830-006 RBS                                      Page    2

  05/31/05 SD   Special Delivery                                 11.77
                                                           -----------
                TOTAL DISBURSEMENTS                  $           23.75

BILLING SUMMARY

                TOTAL FEES                           $          696.00

                TOTAL DISBURSEMENTS                  $           23.75
                                                           -----------
                TOTAL CHARGES FOR THIS BILL          $          719.75
```

```
REPRINT OF BILLED DETAILS (as billed)
PFRD74-26830-ALL RBS                                    Page     1
```

REPORT TOTALS

TOTAL FEES                                    5,229.00

TOTAL DISBURSEMENTS                             262.51
                                            -----------
                                              5,491.51

# Exhibit 9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PLUMBERS AND PIPEFITTERS LOCAL :  CIVIL ACTION
UNION NO. 74 ANNUITY FUND, et al. :
            :
    Plaintiffs     :
            :
   v.        :
            :
AMERICAN MECHANICAL, INC.  :
            :
    Defendant   :  NO.: 05-050 (SLR)

### <u>DECLARATION OF TIMOTHY J. SNYDER</u>

  I, Timothy J. Snyder, declare on penalty of perjury under the laws of the United States as

follows:

  1.  I am a partner in the law firm of Young Conaway Stargatt & Taylor, LLP and

presently serve as co-counsel to the Plumbers and Pipefitters Local Union No. 74 Annuity Fund,

et. al. ("Funds") in this case. I graduated from the Widener University School of Law in 1981. I

have been a member of the Pennsylvania Bar since 1981 and the Delaware Bar since 1985. I

have represented employee benefit plans such as the Funds since 1987. In that capacity, I have

litigated numerous cases involving employers who have failed to pay employee benefit plan

contributions. I am submitting this Declaration to document the attorneys' fees and costs which

the Funds have incurred in this case through June 30, 2005.

  2.  Attached to the Motion as Exhibit 10 is a computerized billing list showing all

work performed by the offices of Young, Conaway, Stargatt & Taylor, LLP and related costs in

connection with serving as local counsel in this action through June 30, 2005. The computerized

listing is prepared from contemporaneous attorney time and expense records, the originals of

155046-1

which are maintained in the regular business records of Young, Conaway, Stargatt & Taylor, LLP.

3.    Based upon my review of Exhibit 10, the Funds have incurred $2,263.40 in attorneys' fees and costs for work performed by Young, Conaway, Stargatt & Taylor, LLP.

4.    I have executed this Declaration in support of Plaintiffs' Motion for Default Judgment against Defendant, American Mechanical, Inc., and request this Court to consider the same as proof in support of the allegations contained in the Complaint of the Funds and other facts stated in this Declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 7, 2005

TIMOTHY J. SNYDER

155046-1                                        2

# Exhibit 10

Y O U N G  C O N A W A Y  S T A R G A T T  &  T A Y L O R ,  LLP

Plumbers & Pipefitters Local Union No. 74 Benefit Fund                    June 30, 2005
File No. 061011.1007                          Invoice No. ******                          Page 2 of 5

## FOR SERVICES RENDERED

| DATE | DESCRIPTION | ID | HOURS |
|------|-------------|-----|-------|
| 01/27/2005 | Review complaint for filing | TSNYD | 1.00 |
| 01/28/2005 | File complaint | TSNYD | 0.50 |
| 01/28/2005 | Prepare complaint for filing; Prepare summons and civil cover sheet; request check | LCROM | 0.70 |
| 02/01/2005 | Revise summons | LCROM | 0.20 |
| 02/02/2005 | Conference with M. Hoffman re: summons | LCROM | 0.20 |
| 02/04/2005 | Teleconference with Brandywine Process Servers; Teleconference with S. Rosenthal | TSNYD | 1.00 |
| 02/04/2005 | Conference with T. Snyder re: agent; Research re: amended complaint | LCROM | 1.00 |
| 02/04/2005 | Conference with L. Crompton Lesky; check Delaware Secretary of State database for information; check Michigan Dept. of State database for similar corporation | DDUNN | 0.20 |
| 02/09/2005 | Draft amended complaint; Research local rules | LCROM | 0.50 |
| 02/10/2005 | Review and Revise amended complaint | TSNYD | 1.00 |
| 02/10/2005 | Revise, blackline and file amended complaint and summons; Records check clerk's office; Revise summons and Prepare praecipe; Review local rules | LCROM | 0.90 |
| 02/14/2005 | Teleconference with Brandywine Process re: service of summons | LCROM | 0.20 |
| 02/15/2005 | Letter to United States Department of Labor and Treasury Department enclosing copy of complaint | LCROM | 0.40 |
| 02/17/2005 | File organization; update folders | LCROM | 0.50 |
| 02/18/2005 | File review re: return of service | LCROM | 0.40 |

Y OUNG  C ONAWAY  S TARGATT  &  T AYLOR , LLP

Plumbers & Pipefitters Local Union No. 74 Benefit Fund                    June 30, 2005
File No. 061011.1007                        Invoice No. ******                Page 3 of 5

| DATE | DESCRIPTION | ID | HOURS | |
|------|-------------|-----|-------|---|
| 02/22/2005 | Conference with T. Snyder re: return of service; file with Court | LCROM | 0.20 | |
| 04/06/2005 | Conference with D. Dunning and T. Snyder re: corporate ID number | LCROM | 0.20 | |
| 04/07/2005 | Conference with L. Crompton Lesky; obtain organizational ID number for American Mechanical; check for UCC filings | DDUNN | 0.20 | |
| 04/12/2005 | Request for Default | TSNYD | 0.30 | |
| 04/13/2005 | Revise and file request for default | LCROM | 0.80 | |
| 04/18/2005 | Review entry and update docket | LCROM | 0.20 | |
| 04/28/2005 | Teleconference with S. Rosenthal re: default | TSNYD | 0.50 | |
| 04/28/2005 | Teleconference with court re: Motion for Entry of Default | TSNYD | 0.50 | |
| 04/28/2005 | Email to S. Rosenthal re: Motion for Default | TSNYD | 0.20 | |
| 04/28/2005 | Conference with T. Snyder re: docket entry; telephone to clerk's office re: correction to docket entry | LCROM | 0.80 | |
| 04/29/2005 | Email to court re: change hearing date; email to S. Rosenthal; conference with L. Crompton Lesky | TSNYD | 0.50 | |
| 04/29/2005 | Teleconference with clerk's office; review correcting entry to docket. | LCROM | 0.50 | |
| 05/13/2005 | Conference with L. Lesky re: status | TSNYD | 0.20 | |
| | **TOTAL FOR SERVICES** | | | **$2,040.00** |

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Plumbers & Pipefitters Local Union No. 74 Benefit Fund                June 30, 2005
File No. 061011.1007                    Invoice No. ******                Page 4 of 5

### SERVICES RECAP

| TIMEKEEPER | HOURS | AMOUNT |
|---|---|---|
| Timothy J. Snyder | 5.70 | 1,311.00 |
| Lisa Crompton | 7.70 | 693.00 |
| Diane Dunning | 0.40 | 36.00 |
| **TOTAL FOR SERVICES** | **13.80** | **$2,040.00** |

### DISBURSEMENTS RECAP

| SUMMARIZED DISBURSEMENTS BY CATEGORY | AMOUNT |
|---|---|
| Photocopy Charges | 2.80 |
| Service Fee | 70.00 |
| Complaint | 150.00 |
| Postage | 0.60 |
| **TOTAL DISBURSEMENTS** | **$223.40** |