IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 74 ANNUITY FUND, et al. | : | CIVIL ACTION |
| Plaintiffs | : | |
| v. | : | |
| AMERICAN MECHANICAL, INC. | : | |
| Defendant | : | NO.: 05-050 (SLR) |

**ORDER AND JUDGMENT BY DEFAULT AGAINST
DEFENDANT, AMERICAN MECHANICAL, INC.**

Upon consideration of the Complaint and Motion for Entry of Judgment by Default of the Plaintiffs, Plumbers and Pipefitters Local Union No. 74 Annuity Fund, Plumbers and Pipefitters Local No. 74 Health and Welfare Trust Fund, Plumbers and Pipefitters Local Union No. 74 Pension Fund (formerly the Pipefitters Local Union No. 80 Employers Joint Pension Trust Fund), Plumbers and Pipefitters Local No. 74 Apprenticeship Fund, Pipefitters Local Union No. 74 Educational/PAC Fund, (respectively, "Annuity Fund", "Welfare Fund", "Pension Fund", "Apprenticeship Fund", "Education/PAC Fund", and, collectively, "Funds"), and Local Union No. 74 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO ("Union" and together with Funds, "Plaintiffs"), Defendant, American Mechanical, Inc. ("Defendant" or "Company") was served with process on February 15, 2005, and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered, it is **ORDERED**:

    1.    Judgment is entered against Defendant and in favor of Plaintiffs in the total

155046-1

amount of $166,730.54 as itemized as follows:

(a) Unpaid contributions in the amount of $108,437.77 under 29 U.S.C. §1132(g)(2) and 185(a) for the period July 2003 through January 2005.

(b) Interest on the unpaid contributions set out in ¶1(a) above through June 30, 2005 in the amount of $23,903.46.

(c) Liquidated damages in the amount of $25,770.40 on the unpaid contributions and the contributions paid late in the period December 2003 through February 2005 as provided for in 29 U.S.C. §1132(g)(2).

(d) Attorneys' fees in the amount of $8,618.91 incurred through June 30, 2005 pursuant to 29 U.S.C. §1132(g)(2)(D).

2. ORDERED that within ten (10) days from the entry of this Order, Company shall submit to the Funds all outstanding remittance reports and contributions for March 2005 to the date of submission.

3. ORDERED that Defendant, its owners, officers, agents, servant, attorneys, and all persons acting on their behalf or in conjunction with them shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with accompanying contributions for all periods for which Defendant is obligated to do so under the collective bargaining agreement(s).

4. ORDERED that the Funds shall have the right to conduct a further audit of Company's books and records for all relevant periods, including the time period from January 2005 through the date of the audit. Company, its owners, officers, agents, servants, employees and all persons acting on Company's behalf or in conjunction with Company, shall be and are hereby

restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by the Funds and shall produce all books and records requested by the auditor and/or the Trustees of the Funds, including, but not limited to, payroll, wage, general ledger and cash disbursement records, compensation insurance audits, and any other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to the Funds. Company shall pay to the Funds the cost of the audit together with any additional amounts found owing, plus such other amounts as set forth in the collective bargaining agreement, the trust agreements and rules and regulations of the Funds, ERISA and applicable law.

5. If further action by Plaintiffs to enforce this judgment is required, Plaintiffs may apply to this Court or to the Court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶1(d) above.

6. Plaintiffs may apply to this Court or to the Court in which enforcement is sought for additional interest on the unpaid contributions set out in ¶1(a) above which shall accrue under 29 U.S.C. §1132(g)(2)(C)(i) and 26 U.S.C. §6621 from June 30, 2005 until the date they are paid.

BY THE COURT

DATE: _____

_____
SUE L. ROBINSON,            J.
United States District Court